UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-00325-WTL-MPB |
| ) | |
| KEITH BUTTS, Warden, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus,
Denying Certificate of Appealability,
and Directing Entry of Final Judgment**

Petitioner Menes Ankh El, formerly known as Wendell Brown, an inmate in the Indiana Department of Correction, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction entered by the Marion County Superior Court, case number 49G04-1502-F5-003976, for attempted fraud on a financial institution. For the reasons explained below, the petition is **denied**. In addition, the Court finds that a certificate of appealability should not issue.

## I. State Court Proceedings

Federal court review of a petition for a writ of habeas corpus centers on the state court proceedings and presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). In Mr. Ankh El's state direct appeal, the Indiana Court of Appeals recited the factual background of the case:

> In December 2014, Brown purchased a car from a car dealership in Marion County with a cashier's check. Shortly thereafter, a bank employee informed the car dealership that Brown's check was not valid. Based upon this incident, the State

> charged Brown with attempted fraud on a financial institution, a Level 5 felony; two counts of forgery, both Level 6 felonies; and auto theft, a Level 6 felony.
>
> A bench trial was held on May 26, 2015, and Brown was found guilty as charged. At sentencing, the trial court entered judgment of conviction only on the offense of attempted fraud on a financial institution, sentenced Brown to five years, and ordered the sentence to run consecutively to his sentences in other causes.

Dkt. 17-6 (Indiana Court of Appeals Memorandum Decision, Jun. 29, 2017).

Mr. Ankh El raised four issues in his direct appeal. First, he asserted the trial court lacked jurisdiction because, among other things, he is an "Aboriginal and Indigenous Moorish American National" and therefore not a citizen of the United States nor Indiana. Second, he asserted the state court charging information was defective because it did not identify to whom he presented the check. Third, he asserted that the evidence was insufficient to support his conviction. Fourth, he asserted that the trial court committed a number of fundamental errors in his trial, including the failure to require the prosecution to prove its or the trial court's jurisdiction, and the failure of the trial court to take judicial notice of its lack of jurisdiction. Mr. Ankh El also asserted there were evidentiary errors, the trial judge was not impartial, and the trial court interfered with his pro se defense of his case. The state appellate court discussed and rejected each claim, affirming Mr. Ankh El's conviction. Dkt. 17-6, p. 13.

Mr. Ankh El sought transfer to the Indiana Supreme Court, raising the first three issues, but abandoning the fourth issue (the trial court's alleged fundamental errors). Transfer was denied. *Brown v. State*, 95 N.E.3d 1292 (Ind. 2018).

Mr. Ankh El did not pursue state post-conviction relief, but instead filed the instant petition for a writ of habeas corpus. Respondent acknowledges that Mr. Ankh El has completed direct review in state court and has no other state remedies available. He also argues that Mr. Ankh El's claims are either not cognizable federal habeas corpus claims or meritless, and the petition should be denied. Mr. Ankh has replied to respondent's return and contends he is entitled to relief.

## II. Legal Standards

Federal habeas corpus is a remedy for the violation of federal constitutional claims. A writ of habeas corpus may only issue if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In S*chmidt v. Foster*, 911 F.3d 469, 476-477 (7th Cir. 2018) (en banc), the now-familiar standard of review for habeas cases was recited:

> Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief after a state-court adjudication on the merits only when that decision (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. §§ 2254(d)(1), (2).

Federal courts focus on whether the last reasoned state court opinion on the merits of a petitioner's claims unreasonably applied clearly established Supreme Court precedent. *Schmidt*, 911 F.3d at 477 (citing *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018)); s*ee also* 28 U.S.C. § 2254(d)(1).

Furthermore, the claims a state inmate makes must have been exhausted in the state courts before a federal court may consider them. "'Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts.'" *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (in turn citing 28 U.S.C. § 2254(b)(1)(A)). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first

3

exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

Thus, the only claims Mr. Ankh El has exhausted are the three that he presented to the Indiana Supreme Court in his petition to transfer. All other claims are unexhausted and cannot be considered in this action.

### III. Mr. Ankh El's Claims

Mr. Ankh El raises four claims in his instant petition: (1) there was no probable cause to arrest him or charge him with crimes; (2) the car dealership falsely reported that Mr. Ankh El had given them a counterfeit check after the bank had denied payment of his check; (3) the charging information was defective because it did not identify the correct victim of the crime; and (4) the trial court failed to show its jurisdiction after Mr. Ankh El challenged it.

**Claim One**

In his first claim for relief, Mr. Ankh El argues that the state statute criminalizing fraud on a financial institution and the Indiana case law on that statute requires that an accused person commit the fraudulent acts directly on the financial institution. He argues that (1) because he made no contact with the financial institution, (2) there was no scheme executed against the financial institution, and (3) the probable cause affidavit used to hold him fails to allege such facts, therefore there was no probable cause to arrest him or charge him with a crime. Dkt. 1, pp. 2-3.

Mr. Ankh El was charged under Indiana Code section 35-43-5-8, which provides:

> (a) A person who knowingly executes, or attempts to execute, a scheme or artifice:
> . . . .
> (2) to obtain any of the money, funds, credits, assets, securities, or other property owned by or under the custody or control of a state or federally chartered or federally insured financial institution by means of false or fraudulent pretenses, representations, or promises;
> commits [fraud on a financial institution] a Level 5 felony.

Applying this statute, the Indiana Court of Appeals described the evidence against Mr. Ankh El. He presented a cashier's check to a car dealership to purchase a car. A bank employee soon told the car dealership that the check was invalid. A bank investigator testified at Mr. Ankh El's trial that the invalid cashier's check had Mr. Ankh El's personal, but closed, account number on it. The investigator also presented evidence that Mr. Ankh El knew the account was closed.

The Indiana Court of Appeals found this evidence sufficient to prove that Mr. Ankh El attempted to fraudulently cause the bank to transfer money to the car dealership and was therefore guilty of the attempted fraud count. Dkt. 17-6, pp. 6-8.[1]

Mr. Ankh El's argument in this action does not dispute the evidence. Instead, his argument essentially uses the same evidence to contend that the state statute does not apply because the actions taken were at the car dealership and not the bank. He made this argument, unsuccessfully, in his state direct appeal. Dkt. 17-3, pp. 13-15. No federal claim was asserted.

Mr. Ankh El's presentation of the claim does not identify a federal constitutional claim. However, if the claim is construed as challenging the sufficiency of the evidence, it fails because the Court must accept the factual findings of the state courts unless the findings are an unreasonable determination based on the state court record. 28 U.S.C. § 2254(d)(1) & 2254(e)(1).

Sufficiency of the evidence claims are considered against the rigorous standard announced in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979): "evidence, viewed in the light most favorable to the State, is sufficient to support a conviction so long as any rational trier of fact could find the

---

[1] Mr. Ankh El states elsewhere in his habeas petition that the bank initially transferred $8,000 into the car dealership's account based on the check. Dkt. 1, p. 4. Thus the bank took some action based on the check that Mr. Ankh El presented to the dealership, an action that is detrimental to any insufficient evidence argument.

essential elements of the offense to have been proved beyond a reasonable doubt." *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015); *Monroe v. Davis*, 712 F.3d 1106, 1118-19 (7th Cir. 2013).

As noted, Mr. Ankh does not dispute the facts. The evidence is that he presented a cashier's check to the car dealership in exchange for a car, the check was not valid and contained Mr. Ankh El's closed personal account number, and the check directed the bank to pay money to the dealership. Under the *Jackson* standard, the evidence is sufficient to satisfy federal constitutional standards. A rational trier of fact could conclude beyond a reasonable doubt that Mr. Ankh El attempted to commit fraud on a financial institution. Mr. Ankh El's claim must be **denied**.

**Claim Two**

Mr. Ankh El's second claim, that the car dealership falsely reported an alleged crime, is not a federal constitutional claim. Mr. Ankh El's argument is mainly that the bank erred in assessing charge-backs under the Uniform Commercial Code, Indiana law, and common bank practices. No federal constitutional right is pleaded or implicated. Dkt. 17-3. Respondent is correct that a writ of habeas corpus may only issue if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Arnold v. Dittman*, 901 F.3d 830, 835 n.3 (7th Cir. 2018); *accord Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008). Relief on this claim is **denied**. *See* 28 U.S.C. § 2254(a).

**Claim Three**

Mr. Ankh El's argument that the charging information did not name the victim of any alleged crime is, like his second ground, a claim of state law and not a cognizable federal habeas corpus claim. *Arnold*, 901 F.3d at 835 n.3; *Samuel*, 525 F.3d at 574. There being no federal constitutional claim with this claim for relief, it is **denied**. 28 U.S.C. § 2254(d).

**Claim Four**

Mr. Ankh El's fourth claim is based on his contention that he is not a citizen of Indiana or the United States, but "an Aboriginal and Indigenous Moorish American National." He cites no authority for a proposition that Indiana may have lacked jurisdiction to try him. In any event, such jurisdictional claims have been categorically denied by the Seventh Circuit. *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases).

> Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*Id.*

Mr. Ankh's fourth claim for relief is **denied**.

**Other Claims**

Any other claims that Mr. Ankh El had made in sub-propositions or by implication in his petition, reply, or other filings presented to the Court are **denied** because they have not been exhausted in the state courts. *Davila*, 137 S. Ct. at 2064.

There being no cognizable federal habeas corpus claims presented by Mr. Ankh El, and any claim of insufficient evidence being meritless, the petition for a writ of habeas corpus is **denied**.

### IV. Denial of Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. Federal law requires that he first obtain a [certificate of appealability (COA)] from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' § 2253(c)(2)." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

"At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* at 773 *(quoting Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and that the issues presented are not of such novelty as to deserve further debate. The Court therefore **denies** a certificate of appealability.

### V. Motion for Judgment as a Matter of Law

Mr. Ankh El's February 22, 2019, motion for judgment as a matter of law, dkt. 27, is for the reasons explained in this Order, **denied**.

### VI. Conclusion

The petition for a writ of habeas corpus is **denied**. No cognizable federal constitutional claims have been identified, and any such claims implicated in the petition are without merit. A certificate of appealability is **denied**. The motion for judgment as a matter of law, dkt. 27, is **denied**. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 4/10/2019

*[Signature]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

Menes Ankh El
233632
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel